## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JAMES A. BARNES** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **HON. KEVIN T. SMITH** | : | **NO. 23-1487** |

### MEMORANDUM

**SAVAGE, J.**[1]                                                                                          **APRIL 13, 2023**

Petitioner James A. Barnes, a prisoner currently housed at South Woods State Prison, filed a *pro se* Petition for a Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2241. He named the Honorable Kevin T. Smith, a judge of the New Jersey Superior Court, as the respondent. Judge Smith presided over Barnes's original criminal proceedings and later a violation of probation hearing that led to the revocation of his probation and the imposition of an additional sentence.

Barnes seeks leave to proceed *in forma pauperis*. For the following reasons, we shall grant Barnes leave to proceed *in forma pauperis*, and dismiss the case.

### FACTUAL ALLEGATIONS[2]

Public records indicate that Barnes was arrested on April 25, 2020. On December 15, 2021, he was convicted by way of a guilty plea of second-degree robbery in violation

---

[1] The Honorable Timothy J. Savage, Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation pursuant to 28 U.S.C. § 292(b).

[2] The facts set forth in this Memorandum are taken from Barnes's Petition for a Writ of *Habeas Corpus* Under 28 U.S.C. § 2241 (ECF No. 1) (the "Petition") and from public records of which we take judicial notice. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

of N.J.S.A. § 2C:15-1A(2).³  On November 7, 2022, after finding the defendant had violated probation, Judge Smith sentenced him to a term of incarceration of seven years with an 85% parole disqualifier, followed by three years of parole supervision.⁴  Barnes filed a direct appeal of his conviction and sentence on December 8, 2022.  His appeal remains pending.⁵

In his Petition, Barnes asserts that the probation violation was "false" and that Judge Smith violated the Code of Judicial Conduct in the proceeding.⁶  He accuses Judge Smith of falsifying a warrant.⁷  He demands that Judge Smith step down.⁸  Barnes contends that he is innocent of the conduct that led to his probation violation and sentence, but "there were [sic] a target on my back by the Cumberland County C/Os and others of the County Jail."⁹  Barnes allegedly complained about prison conditions at Cumberland County Jail while he was detained there, and "this is why Hon. Kevin T. Smith committed false statement, perjury, under oath . . . ."¹⁰  Barnes asks to be released from custody until his case is resolved.¹¹

---

³ *See State v. Barnes*, No. 21-01-00122I (Super. Ct. Cumberland).

⁴ *Id.*; *see also* ECF No. 1-1 at 4, 18.  We adopt the pagination supplied by the CM/ECF docketing system.

⁵ Petition at 2; Notice at 5-9.

⁶ Petition at 2.

⁷ *Id.*

⁸ *Id.* at 6.

⁹ *Id.* at 8.

¹⁰ *Id.* at 9 (capitalizations omitted).

¹¹ *Id.* at 10.

## NATURE OF THE PETITION

Barnes filed his petition for writ of *habeas corpus* using the Court's preprinted form for those seeking relief pursuant to 28 U.S.C. § 2241.  Section 2241 authorizes a federal court to issue a writ of habeas corpus to a state pretrial detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." *Moore v. DeYoung*, 515 F.2d 437, 442 n.2 (3d Cir. 1975) (quoting 28 U.S.C. § 2241).  For state prisoners like Barnes, *habeas corpus* relief from a federal court is substantially a post-conviction remedy.  *See Peyton v. Rowe*, 391 U.S. 54, 60 (1967); 28 U.S.C. § 2254.  Because Barnes having been convicted is in custody "pursuant to the judgment of a State court," 28 U.S.C. § 2254 is the proper vehicle for his claims.  *See* 28 U.S.C. § 2254(a); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001).

To seek *habeas* relief under § 2254, a petition must first exhaust all available state court remedies before coming to federal court.  Courts have long held that a state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see* § 2254(b)(1).  Because it is clear from the state court docket and Barnes's own submission that he has filed a direct appeal of his conviction and sentence, and that the appeal remains pending, he has failed to exhaust his available state remedies before filing his federal petition.  For this reason, the Petition must be dismissed without prejudice.

## SUBSTITUTION OF RESPONDENT

Barnes incorrectly named Judge Smith as the respondent in his Petition.  Rule 2(a) of the Rules Governing § 2254 Cases states that "[i]f the petitioner is currently in custody

under a state-court judgment, the petition must name as respondent the state officer who has custody." The Advisory Committee Notes further provide that "[t]he proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions." Rule 2(a) of the Rules Governing Section 2254 Petitions, advisory committee's note to 1976 adoption.

The proper Respondent here is Keisha Fisher, who serves as the Administrator of South Woods State Prison, the institution in which Barnes is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]" (citing 28 U.S.C. § 2242)). Accordingly, the Clerk of Court will be directed to change the name of the Respondent.

## CONCLUSION

For the foregoing reasons, we shall dismiss the § 2241 *habeas* petition filed by James M. Barnes. To the extent that he raises *habeas* claims, the dismissal is without prejudice. Because Barnes has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists would not debate this resolution, no certificate of appealability will issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).